UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 15-cr-20283
HON. GEORGE CARAM STEEH

D-1 BORIS ZIGMOND,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR *NEBBIA* HEARING (DOC. #24) AND
DECLINING TO MODIFY CONDITIONS OF BOND**

**I. INTRODUCTION**

    Defendant Boris Zigmond is charged in a two-count indictment: Count One, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and Count Two, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).  The indictment alleges that defendant is the leader in a large-scale prescription drug trafficking organization.  On July 15, 2015, the court granted defendant's motion for revocation of detention and set conditions of bond.  Relevant here, the court ordered that bond be secured by property owned by defendant's wife, Olga Zigmond, located at 6001 N. Ocean Drive, Unit 806, Hollywood, Florida (the "collateral property").  Mrs. Zigmond provided the probation department with documents confirming that she paid cash for the collateral property in 2011.  As of 2015, the property has a market value of $679,930.00.

Now before the court is the government's motion for a *Nebbia* hearing.[1] The government argues that the collateral property is subject to forfeiture proceedings, and, therefore, the property cannot serve as collateral for bond. The government seeks a *Nebbia* hearing to determine the source of the property.

Defendant opposes the government's motion. Defendant contends that (1) the property can serve as collateral even though it is subject to forfeiture proceedings (which the defendant points out are contested proceedings); (2) the collateral property reasonably insures defendant's appearance for all future proceedings, as evidenced by defendant's compliance with all bond requirements since detention was revoked; and (3) the government knew about, and did not mention, the forfeiture proceedings at the time the court held a hearing to address defendant's motion to revoke detention. Defendant argues that a *Nebbia* hearing is unnecessary because the court may conserve judicial resources by reviewing the government's forfeiture complaint in Case No. 15-cv-11574, *United States of America v. Real Property Located At 6001 N. Ocean Drive, Unit 806, Hollywood, Broward County, Florida, Including All Buildings, Fixtures, Improvements, And Appurtenances*. The court agrees with defendant. The government's motion will be denied. As will be explained, at this juncture, the collateral property is sufficient to insure defendant's future appearances.

## II. LEGAL STANDARD

The government's request for a *Nebbia* hearing is grounded in the Second Circuit's decision in *United States v. Nebbia*, 357 F.2d 303 (2d Cir. 1966). In *Nebbia*, the defendant posted $100,000 in cash for bail pending trial. *Id.* at 304. The government sought the

---

[1] *See United States v. Nebbia*, 357 F.2d 303 (2d Cir. 1966).

-3-

defendant's continued detention "until he could be examined for the purpose of ascertaining the source and status of the $100,000. . . ." *Id.* Reversing the district court's opinion that it could not inquire into the source of the cash, the court of appeals explained that, to determine whether cash furnished for bail will insure the presence of the defendant, the district court may hold a hearing "which might bear on the question of the adequacy of the bail and stress the importance placed upon the ability of the surety to produce the defendant." *Id.* at 304.

The *Nebbia* court's holding essentially has been codified in the Bail Reform Act of 1984, which states:

> In considering the conditions of release described in . . . this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)(4).

Another court in this district has interpreted section 3142(g)(4) as mandating a hearing when the government requests an inquiry into the source of the property used as collateral to secure bond. *United States v. Sharma*, No. 12-20272, 2012 WL 1902919, *3 (E.D. Mich. May 25, 2012) (Roberts, J.). However, section 3142(g)(4) does not say anything about a hearing. Rather, that section mandates, upon the request of the government, an *inquiry* into the source of the contested property. An inquiry need not be addressed in a formal hearing. In this case, the court's inquiry will not be aided by holding a hearing. The government's allegations as to the source of the collateral property are adequately stated in the related forfeiture complaint. The court has adequate materials to consider the government's request without holding an *ex parte* hearing closed to the public.

### III. ANALYSIS

The forfeiture complaint related to the collateral property was filed by the government, through the same Assistant United States Attorney representing the government in this action, on April 27, 2015. The forfeiture complaint alleges that the collateral property is subject to forfeiture because the proceeds used to purchase the property were derived from illegal structuring.

The relevant inquiry for the court is whether the collateral property and other conditions of bond will reasonably insure defendant's appearances at future court proceedings. At this juncture, the court is satisfied that, combined with the other conditions of bond imposed by the court, the potential loss of the collateral property for failure to appear will reasonably assure the appearance of defendant at all future proceedings. As defendant notes, the collateral property currently serves as the only home Mrs. Zigmond has lived in with her two children since 2011. The potential loss of this home because of defendant's failure to appear in this action is incentive for the defendant to comply with the conditions of bond and appear at future hearings.

Although the court's pretrial services officer recommended release of the defendant on a personal bond, the court found additional, marginal value in requiring the collateral property be pledged. Because a breach of the bond conditions can swiftly lead to dispossessing defendant's wife and children from their residence, the court finds significant deterrent value in the security regardless of the ultimate outcome of the forfeiture proceeding.

Moreover, pending in the forfeiture action is a motion to dismiss by Mrs. Zigmond scheduled for hearing on September 9, 2015. The government's allegations as to the source of the collateral property will be tested in the civil forfeiture action. If the

-5-

government prevails in that action during the pendency of the criminal proceedings, the court may reconsider the terms of defendant's bond conditions.

## IV. CONCLUSION

For the reasons stated above, the government's motion for a *Nebbia* hearing is DENIED. Defendant's conditions of bond remain the same.

Dated: August 11, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 11, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---