United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

                              Criminal No. 15-20283

v.

                              Honorable George Caram Steeh

D-1 Boris Zigmond,

      Defendant.

---

## Preliminary Order of Forfeiture

---

The court having considered the Application for Entry of Preliminary Order of Forfeiture (R. 245), the Defendant's Objections to the Government's Application (R. 255), the Reply of the United States pertaining to Defendant's Objections (R. 262), the Sentencing Memorandum submitted by the United States (R. 314), the Sentencing Memorandum submitted by the Defendant (R. 317), and the evidence presented during a Sentencing Hearing held on April 10, 2018, **ORDERS** the following:

    1. The United States established by a preponderance of the evidence that the Defendant obtained $1,844,000 as a result of his supervision of a scheme to distribute controlled substances in violation of Title 18, United States

Code, Sections 841 and 846.  In reaching its decision, the Court adopts the formula submitted by the United States that the Defendant admitted during his plea colloquy on August 3, 2017, that he was responsible for the medically unnecessary distribution of 332,000 dosage units of oxycodone, a Schedule II Controlled Substance. (R. Plea Hrg. Tr. Pg.ID 1709).

2. The Court further finds that the Defendant admitted during his plea colloquy that he obtained $500 for each patient appointment in which individuals would receive a prescription for 90 pills of the oxycodone.

3. The Court, therefore, **ORDERS** the imposition of a forfeiture judgment in the amount of $1,844,000 against the Defendant pursuant to Title 21, United States Code, Section 853(a) and 853(p).  In reaching its finding, the Court further concludes, that $1,844,000 cannot be located upon the exercise of due diligence by the United States.

4. The Court further finds that the Defendant admitted during his plea colloquy that $37,400 in United States Currency seized from a safe deposit box and $340,000 in United States Currency constituted property involved in money laundering.  The Court, therefore, **ORDERS** the forfeiture to the United States the above-mentioned assets as property involved in money laundering pursuant to Title 18, United States Code, Section 982(a).

5. Further, the Court finds that the Defendant failed to rebut the

presumption pursuant to Title 21, United States Code, Section 853(d) that the
following property is subject to forfeiture because the United States
established by a preponderance of the evidence that: 1) such property was
acquired by such person during the period of the violation of the
Controlled Substances Act or within a reasonable time after such period;
and 2) there was likely no source for such property other than the violation
of the Controlled Substances Act for which the Defendant was convicted:

a) One Hundred Thousand Two Hundred Six Dollars and Fifteen Cents
($100,206.15) in U.S. Currency seized from Comerica Bank Account
No. 9200053941 on or about March 24, 2015;

b) One Hundred Thousand Three Hundred Thirty Four Dollars and Sixty
Three Cents ($100,334.63) in U.S. Currency seized from PNC Bank
Account No. 1205646651 on or about March 23, 2015;

c) One Hundred Thousand Four Hundred Eighty Seven Dollars and
Ninety One Cents ($100,487.91) seized from Desjardins Bank
Account No. 14047583 on or about March 23, 2015;

d) One Hundred Thousand Four Hundred Seventy Eight Dollars
($100,478.00) in U.S. Currency seized from Transcapital Bank
Account No. 50250434 on or about March 23, 2015;

e)   Sixty Nine Thousand Six Hundred Fifty Dollars ($69,650.00) in U.S. Currency seized from SunTrust Bank Account No. 1000108297085 on or about March 25, 2015;

f)   One Hundred Thousand One Hundred Twenty One Dollars and Nine Cents ($100,121.09) in U.S. Currency seized from Banking and Trust Company Account No. 0000446191624 on or about March 25, 2015;

g)   Ninety Four Thousand Seven Hundred Fifty Dollars ($94,750.00) in U.S. Currency seized from City National Bank of Florida Account No. 0708007623 on or about March 25, 2015;

h)   Three Thousand Five Hundred Twenty Four Dollars and Forty Three Cents ($3,524.43) in U.S. Currency seized from Bank of America Account No. 375000415210 on or about April 29, 2015;

i)   Sixty Two Thousand Three Hundred Fifty Three Dollars and Twenty Six Cents ($62,353.26) in U.S. Currency seized from Bank of America Account No. 483005064558 on or about April 29, 2015;

j)   Fifty Three Thousand Five Hundred Nine Dollars and Forty Cents ($53,509.40) in U.S. Currency seized from Bank of America Account No. 898042413511 on or about April 29, 2015.

**IT IS HEREBY ORDERED** that any and all interest of Defendant Boris Zigmond, D.C. in the assets enumerated in paragraphs 4 and 5, **IS HEREBY FORFEITED** to the United States for disposition in accordance with law.

**IT IS FURTHER ORDERED** that pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P 32.2(b)(6) and Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish notice of this Preliminary Order of Forfeiture utilizing the internet site, www.forfeiture.gov, for at least thirty (30) consecutive days.  The government shall also send notice to any person who appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice shall direct that any person asserting a legal interest in the subject property, other than Defendant Boris Zigmond, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the subject property.  The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the

subject property, any additional facts supporting the petitioner's claim, and the relief sought.

**IT IS FURTHER ORDERED** that following the Court's disposition of any petitions for ancillary hearing, and upon proof of publication and notice to any persons known to have alleged an interest in the subject property, the United States shall have clear title to the property and shall be authorized through the United States Department of the Treasury, Internal Revenue Service-Criminal Investigations, and/or the United States Marshals Service to dispose of the forfeited assets as prescribed by law.

**IT IS FURTHER ORDERED** that upon resolution of any third party petitions filed pursuant to Title 21, United States Code, Section 853(n), any of the assets enumerated in paragraphs 4 and 5 of this order shall be credited against the forfeiture judgment in the amount of $1,844,000 (U.S.).

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Crim. P. 32.2(c)(2) this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided under Fed. R. Crim. P. 32.2(c)(2).

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e)(2)(A).

**IT IS SO ORDERED.**

s/George Caram Steeh
Hon. George Caram Steeh
United States District Judge

Dated:  April 12, 2018