UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,      Case No. 15-20283

      v.      Hon. George Caram Steeh

D-1 BORIS ZIGMOND,

      Defendant/Petitioner.

---

ORDER GRANTING GOVERNMENT'S MOTION (DOC. 387) AND ADVISING *PRO SE* PETITIONER OF ATTORNEY-CLIENT PRIVILEGE WAIVER

---

Petitioner Boris Zigmond filed a motion to vacate his sentence under 28 U.S.C § 2255. (Doc. 383). Among other claims, Zigmond alleges that he received ineffective assistance from his trial counsel, Attorney Ronald W. Chapman, II. In response, the government filed a motion asking the court to find a waiver of the attorney-client privilege, direct Zigmond's trial counsel to provide information and testimony related to the ineffective assistance claim, and extend the time to respond to the petition. Petitioner opposes the government's motion.

- 1 -

The attorney-client privilege protects certain communications between an attorney and client from disclosure without the client's permission. *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005). The privilege applies to "all stages of all actions, cases, and proceedings" including habeas proceedings. *Id.* (quoting Fed. R. Evid. 1101(c)). But "the attorney-client privilege cannot be used as a sword and a shield at the same time." *United States v. Lossia*, No. 04-80422, 2008 WL 192274, at *1 (E.D. Mich. Jan. 23, 2008) (Pepe, M.J.). "The privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *Lott*, 424 F.3d at 452. For instance, a habeas petitioner who "injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct" waives the attorney-client privilege by implication. *Id.* (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir.2001)). Then, the Court will construe the implied waiver narrowly, only "to the extent necessary to litigate a petitioners' ineffective assistance of counsel claims." *Id.*

Here, Zigmond alleges ineffective assistance from Attorney

Chapman. Specifically, Zigmond alleges that he received ineffective assistance of counsel "from the onset" and that trial counsel "coerced him into accepting a bad plea deal without the benefits of Zigmond's cooperation, prejudicing him with a loss of appellate rights with a sentence and forfeiture greater than promised." The government cannot adequately investigate and respond to Zigmond's motion without obtaining information from Attorney Chapman regarding his communications with Zigmond.

If Zigmond chooses to preserve the attorney-client privilege between himself and Attorney Chapman, he may withdraw the ineffective-assistance-of-counsel claim. If Zigmond fails to withdraw the ineffective-assistance-of-counsel claim, the court will recognize that Zigmond has waived the attorney-client privilege and work-product privilege to the extent necessary to litigate his claim. In addition, the court will order Attorney Chapman to provide testimony and all documents and communications with Zigmond relating to Zigmond's claims.

Therefore, IT IS HEREBY ORDERED that the government's motion (Doc. 387) is GRANTED. Unless Petitioner WITHDRAWS the

ineffective-assistance-of-counsel claim within 30 days of the date of this order, the court will consider Petitioner to have WAIVED the attorney-client privilege to the extent necessary to litigate his claim, and will reset the briefing schedule.

**IT IS SO ORDERED.**

Dated: July 12, 2019

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 12, 2019, by electronic and/or ordinary mail and also on
Boris Zigmond, #07790-104, FCI Miami,
P. O. Box 779800, Miami, FL 31777.

s/Barbara Radke
Deputy Clerk

---