UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

BORIS ZIGMOND,

    Defendant.

_____/

Case No. 15-20283

Hon. George Caram Steeh

ORDER DENYING RENEWED MOTION
FOR COMPASSIONATE RELEASE (ECF NO. 453)

    Defendant Boris Zigmond has filed a renewed motion for a sentence reduction, or compassionate release, pursuant to 18 U.S.C. § 3582(c). The court denied his first motion on April 14, 2021, finding that the 18 U.S.C. § 3553(a) factors did not support a sentence reduction. Zigmond filed a notice of appeal, but the Sixth Circuit dismissed the appeal for want of prosecution on July 7, 2021.

    In his renewed motion, Zigmond contends that his health conditions and the COVID-19 pandemic warrant a sentence reduction. Zigmond asserts that his medical conditions are worsening in the prison environment, he is unable to be vaccinated due to an allergy, and the court should consider placing him in home confinement. His renewed motion is

- 1 -

essentially an untimely motion for reconsideration, raising issues that were or should have been raised in the first instance. *See* L.R. 7.1(h). Aside from this procedural barrier, reconsideration is not appropriate on the merits.

The court has the discretion to grant a sentence reduction under 18 U.S.C. § 3582(c) if "extraordinary and compelling reasons" and the sentencing factors set forth in 18 U.S.C. § 3553(a) support compassionate release. *See United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). The court initially determined that Zigmond's health conditions, coupled with the pandemic, satisfied that "extraordinary and compelling" prong. ECF No. 434. Since then, Zigmond asserts that his health has worsened and that he is unable to be vaccinated due to an allergy.[1] Assuming these claims to be true, they merely reinforce the court's previous determination that there is an extraordinary and compelling basis to consider a sentence reduction, which has not changed. *Id.*

To grant a sentence reduction, the court must also find that the § 3553 factors support compassionate release. The court previously determined that this requirement was not met:

> At Zigmond's sentencing approximately three years ago, the court determined that the seriousness and magnitude of his offense, his criminal history, and the need for general

---

[1] Zigmond asserts that he received the first dose of the vaccine in early 2021 and had an allergic reaction due to a previously unknown allergy to polyethylene glycol, although he has not provided documentation of this incident.

>and specific deterrence militated in favor of a substantial sentence. A reduction to time served, in light of his lengthy remaining sentence, would not be consistent with these considerations. Moreover, Zigmond has already received a below-guidelines sentence; any further reduction would not constitute a just punishment or align with the other § 3553 factors, including the need to promote respect for the law. The court's original assessment of the § 3553 factors remains accurate and precludes a sentence reduction here.

ECF No. 434 at PageID 4735.

Zigmond suggests that the court has alternatives to reducing his sentence to time served, such as reducing his sentence to ten years (making him eligible for home confinement granted by the Bureau of Prisons) or ordering a term of supervised release to be served in home detention. Before considering the type of relief to grant, however, the court must first determine that relief is warranted. The consideration of these alternative forms of relief do not alter the court's conclusion that the § 3553(a) factors do not weigh in favor of granting a sentence reduction.

Because the court's analysis of the § 3553(a) factors has not changed, and because those factors do not favor a sentence reduction, IT IS HEREBY ORDERED that Zigmond's renewed motion for compassionate release is DENIED.

Dated: January 13, 2022        s/George Caram Steeh
                               George Caram Steeh
                               United States District Judge

- 3 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 13, 2022, by electronic and/or ordinary mail and also on Boris Zigmond #07790104, Miami FCI, Inmate Mail/Parcels, P.O. Box 779800, Miami, FL 33177.

s/Brianna Sauve
Deputy Clerk