UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

BORIS ZIGMOND,

    Defendant.

_____/

Case No. 15-20283

Hon. George Caram Steeh

ORDER DENYING MOTION FOR
SENTENCE REDUCTION (ECF NO. 471)

    Defendant Boris Zigmond seeks a reduction in sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. Specifically, Zigmond contends that he qualifies for a two-level reduction under § 4C1.1, which allows for an adjustment for certain "zero-point" offenders.

    In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, § 3582(c)(2) authorizes the court to modify a sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* The court may reduce a defendant's sentence only if the sentencing factors set forth in § 3553(a) weigh in favor of a reduction and "if such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission," that is, § 1B1.10. *Id.* Therefore, the court conducts a two-step inquiry: "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Section 1B1.10 provides:

> (2) Exclusions. --A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if--
>     (A) None of the amendments listed in subsection (d) is applicable to the defendant; or
>     (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a). Subsection (d) lists the covered amendments that the court may apply retroactively to modify a defendant's sentence. The Sentencing Commission has determined that parts A and B of Amendment 821 – § 4A1.1(e) and § 4C1.1 – apply retroactively. *See* U.S.S.G. § 1B1.10(d) (listing of retroactive amendments).

Relevant here, § 4C1.1 relates to "adjustments for certain zero-point offenders" and is applicable if the "defendant did not receive any criminal

- 2 -

history points from Chapter 4, Part A," among other criteria. *Id.* Section 4C1.1 provides as follows:

> (a) Adjustment.--*If the defendant meets all of the following criteria:*
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) *the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848*; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1 (emphasis added).

The probation department and the government contend that Zigmond is disqualified from receiving an adjustment under § 4C1.1(10) because he received an enhancement under § 3B1.1 (Aggravating Role) as a

supervisor. Defendant argues that he is only disqualified if he received *both* an enhancement under § 3B1.1 *and* was engaged in a criminal enterprise. The language and context of the provision does not support Defendant's interpretation. Section 4C1.1 permits an adjustment "if the defendant meets *all* of the following criteria," including that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise." In order to be eligible, the defendant must not have received an adjustment under § 3B1.1 and also must not have engaged in a continuing criminal enterprise. Because he must meet "all of the following criteria," either condition is disqualifying.

      District courts interpreting this provision agree. "Every court thus far has rejected the argument that U.S.S.G. § 4C1.1(a)(10) precludes Amendment 821 relief only when a defendant received a U.S.S.G. § 3B1.1 adjustment *and* engaged in a continuing criminal enterprise." *United States v. Arroyo-Mata*, __ F. Supp.3d __, 2024 WL 1367796, at *2-3 n.6 (N.D. Ga. Apr. 1, 2024) (collecting twenty-four cases); *accord United States v. Vladimirov,* 2024 WL 1468933, at *1 (S.D.W. Va. Apr. 4, 2024) ("Courts interpreting this provision have concluded that § 4C1.1(a) precludes a sentence reduction for a defendant who, although not engaged in a continuing criminal enterprise, nonetheless received an adjustment under

§ 3B1.1.") (citing cases). *See also United States v. Bazel*, 80 F.3d 1140, 1142 (6th Cir. 1996) (interpreting similar language in § 5C1.2 and rejecting defendant's argument that "he is eligible because he was not engaged in a continuing criminal enterprise, even though the government did demonstrate that he was an 'organizer, leader, manager, or supervisor' of a criminal operation"); *cf. Pulsifer v. United States*, 144 S. Ct. 718, 725 (2024) (holding safety-value provision "creates an eligibility checklist, and demands that a defendant satisfy every one of its conditions").

Consistent with this authority, a defendant who receives an adjustment under § 3B1.1 does not qualify for relief under § 4C1.1. In other words, because Defendant received an enhancement under § 3B1.1, he has not met all of the criteria set forth in § 4C1.1 and he is not eligible for a sentence reduction. *See* U.S.S.G. § 1B1.10.

Therefore, IT IS HEREBY ORDERED that Defendant's motion for a reduction in sentence (ECF No. 471) is DENIED.

Dated: April 16, 2024                    s/George Caram Steeh
                                                         HON. GEORGE CARAM STEEH
                                                         UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 16, 2024, by electronic and/or ordinary mail and also on Boris Zigmond #07790-104, FCI Miami, Federal Correctional Institution, P.O. Box 779800, Miami, FL  33177.

s/Lashawn Saulsberry
Deputy Clerk